IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                               Cr. No.  22-20048-TLP

ANDREW BLEDSOE,

        Defendant.

---

### DEFENDANT'S MOTION TO SUPPRESS
### AND INCORPORATED MEMORANDUM OF LAW

---

COMES NOW, Andrew Bledsoe ("Mr. Bledsoe"), by and through his counsel of record, Serena R. Gray, Assistant Federal Defender, pursuant to Federal Rule of Criminal Procedure 12(b)(3), and for his Motion to Suppress, states as follows:

### FACTUAL BACKGROUND

On July 27, 2020 members of United States Marshal's Service ("USMS") went to 938 Cullenwood Road, Memphis, TN to execute an arrest warrant for Mr. Bledsoe. Mr. Bledsoe was removed from the residence and transported to Shelby County Jail without incident.  A search was conducted of the home and a rifle, Anderson Manufacturing model AM-15 556 caliber rifle serial number (SN#) 20082990 was recovered that belonged to Martino Stuckey. While at Shelby County Jail, Mr. Bledsoe was interrogated by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Special Agent Chase Cogswell ("Cogswell"). The audio recording cuts off before completion of the advisement of rights.

1

ATF, Special Agent Thomas Byrd ("Byrd"), along with another agent, remained at the residence and spoke with residents, Cora Stuckey ("Cora"), Martino Stuckey, and Ivy Burnett. While at the home, Byrd received a call and goes back into the home and requested permission to search the bedroom closet from Cora. She consented to the search. Byrd then identifies a bag, which Cora indicated belonged to Mr. Bledsoe. Byrd searched the bag and subsequently, a .22 caliber pistol is located.

## ARGUMENT

The Fourth Amendment of the United States Constitution prohibits law enforcement officers from conducting warrantless searches of one's personal effects without probable cause: "The right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by Oath or affirmation."

When evidence is obtained as a result of an unconstitutional search or seizure, it is inadmissible in federal court. *United States v. Pearce*, 531 F.3d 374, 381 (6th Cir. 2008) (citing *Mapp v. Ohio*, 367 U.S. 643, 654 (1961)). This is the exclusionary rule and it "is supplemented by the 'fruit of the poisonous tree' doctrine, which bars the admissibility of evidence which police derivatively obtain from an unconstitutional search or seizure." *Id.* (citations omitted). The overarching purpose of the exclusionary rule is to deter unlawful government behavior and compel respect for "the constitutional guaranty in the only effectively available way –by removing the incentive to disregard it. *Gross,* 662 F.3d at 401, (citing *Elkins v. United States* 364 U.S. 206, 217 (1960)). Thus, "the indirect fruits of an illegal search or arrest should be suppressed when they bear sufficiently close relationship to the underlying illegality". *Gross*, 662 F.3d at 401 (citing *New York v. Harris*, 495 U.S. 14, 19 (1990).

Mr. Bledsoe avers that the illegal and warrantless search of his backpack was unconstitutional and unwarranted. For these reasons, Mr. Bledsoe respectfully requests this Court to suppress all of the evidence found as a result of the illegal search as well as all statements made thereafter.

**(A)    ATF did not have consent to conduct the warrantless search of Mr. Bledsoe's bag.**

The Fourth Amendment requires officers to secure a warrant before conducting a search of one's personal effects unless it falls within an exception of the warrant requirement. "One of those 'well-delineated' exceptions is the consent of the person searched. An officer with consent needs neither a warrant nor probable cause to conduct a constitutional search." *United States v. Jenkins,* 92 F.3d 430, 436 (6th Cir.1996) (*See Schneckloth v. Bustamonte,* 412 U.S. 218, 219(1973)). "In order to consent to a search, the person purporting to consent must possess either actual or apparent authority over the item or place to be searched." *United States v. Purcell,* 526 F.3d 953, 962 (6th Cir. 2008) (*See United States v. Caldwell,* 518 F.3d 426, 429 (6th Cir.2008)).

Once the individual that possesses apparent or actual authority consents, "[t]he standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of "objective" reasonableness-what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Florida v. Jimeno,* 500 U.S. 248, 251 (1991) (citing *Illinois v. Rodriguez, supra,* at 183-189, 110 S.Ct., at 2798-2802; *Florida v. Royer,* 460 U.S. 491, 501-502, 103 S.Ct. 1319, 1326-1327, 75 L.Ed.2d 229 (1983)). In this case, it is abundantly and explicitly clear that the backpack located in the closet belonged to Mr. Bledsoe. Byrd asked if the bag belonged to Mr. Bledsoe, and Cora identified the bag as his.

The Sixth Circuit explains the apparent authority as:

> When one person consents to a search of property owned by another, the consent is valid if the facts available to the officer at the moment ... warrant a man of reasonable caution [to believe] that the consenting party had authority over the premises. Whether the facts presented at the time of the search would warrant a man of reasonable caution to believe the third party has common authority over the property depends upon all of the surrounding circumstances. The government cannot establish that its agents reasonably relied upon a third party's apparent authority if agents, faced with an ambiguous situation, nevertheless proceed without making further inquiry. If the agents do not learn enough, if the circumstances make it unclear whether the property about to be searched is subject to mutual use by the person giving consent, then warrantless entry is unlawful without further inquiry. Where the circumstances presented would cause a person of reasonable caution to question whether the third party has mutual use of the property, warrantless entry without further inquiry is unlawful.

*United States v. Taylor*, 600 F.3d 678, 681 (6th Cir. 2010). Moreover, even when there is the appearance that the situation at hand is unambiguous but subsequent developments and discoveries begin to create ambiguity, any apparent authority evaporates. *Purcell,* 526 F.3d at 964 (*See United States v. Rodriguez*, 497 U.S. 177, 188 (1990)). Furthermore, the government bears the burden of establishing the effectiveness of a third party's consent. *Id* at 846.

In this case, Cora is unambiguous in her assertion that the backpack belonged to Mr. Bledsoe. In the audio recording of which Byrd is equipped, Cora stated that the white bag belonged to Mr. Bledsoe. Therefore, she did not possess actual or apparent authority in the backpack, and ATF did not have consent to search Mr. Bledsoe's bag. For these reasons, Mr. Bledsoe respectfully requests this Court to suppress all evidence found as well as all statements made thereafter.

## **CONCLUSION**

ATF did not have Mr. Bledsoe's consent to conduct a search of his bags. The agents were well-aware that the bags that they searched belonged to Mr. Bledsoe. Cora Stuckey did not have actual or apparent authority to consent to the search of Mr. Bledsoe's bag.

Therefore, the warrantless search of Mr. Bledsoe's bags was unreasonable and requires that any evidence found as well as all statements made thereafter must be suppressed.

WHEREFORE, for all of the foregoing reasons, Mr. Bledsoe respectfully requests this Court to suppress all of the evidence found as a result of the illegal search and all statements made thereafter.

Respectfully submitted,

DORIS RANDLE HOLT
FEDERAL PUBLIC DEFENDER

s/ Serena R. Gray
Assistant Federal Defender
200 Jefferson Avenue, Suite 200
Memphis, TN 38103
(90) 544-3895

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system to Ms. Regina Thompson, Assistant U.S. Attorney, 167 N. Main, Suite 800, Memphis, TN 38103, this 18th day of July 2022.

s/ Serena R. Gray
Assistant Federal Defender